# United States Court of Appeals
## For the First Circuit

Nos. 12-1778, 12-1795

FRANK MACERA, JR.,

Plaintiff, Appellee,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.,

Defendants,

PAWTUCKET CREDIT UNION,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND
[Hon. John J. McConnell, Jr., U.S. District Judge]

Before

Howard, Circuit Judge,
Souter,[*] Associate Justice,
and Lipez, Circuit Judge.

Joel J. Votolato, with whom Joel T. Gannon was on brief, for
appellant.
George E. Babcock for appellee.

June 14, 2013

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice**.  This is one of the cases on the District Court's Master Foreclosure docket described in In re: Mortgage Foreclosure, decided today.[1]  The appeal calls into question both the injunction held in that case to have been issued in error and to be addressed on remand, and the district court's subject-matter jurisdiction owing to allegedly incomplete diversity of parties required under 28 U.S.C. § 1332.  A motion to dismiss on that latter ground was "refused and returned," by an erroneous order of the district court, and we remand this case for prompt adjudication of the motion, if appropriate after the court has taken the remedial action required by In re: Mortgage Foreclosure.

Although the case implicates a host of issues deferred or refused consideration by the district court on the ground of "Case Management," the facts and procedural history necessary for our determination at this point can be stated briefly.  The plaintiff-appellee, Frank Macera, Jr., was lent money by Nation One Mortgage Company, Inc., secured by a first mortgage of Rhode Island real estate naming Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee.  MERS ostensibly assigned its interest to Federal National Mortgage Association (FNMA) for foreclosure upon Macera's default.  The intervenor defendant-appellant, Pawtucket

---

[1]For ease of exposition, we will refer to the opinion in Nos. 12-1526, 12-1563, 12-1720, 12-1721, 12-1768, and 12-1839 as In re: Mortgage Foreclosure.

Credit Union, purchased the property at foreclosure, presumably to protect its interest as second mortgagee.

When Pawtucket took steps to evict Macera, he invoked the district court's diversity jurisdiction to entertain a "Complaint For Declaratory Judgment And Injunctive Relief," to the effect that the foreclosure proceedings were ineffective, the foreclosure title void, and Macera still the owner of the mortgaged property. The complaint named as defendants Nation One, MERS and FNMA. Macera was described as a Rhode Island resident; the defendants were shown as having addresses outside the state.

Pawtucket moved to intervene as a defendant under Federal Rule of Civil Procedure 24(a)(2), as a party claiming an interest that might be impaired by the litigation. Once the motion was granted, Pawtucket moved to dismiss the action for want of complete diversity of parties required under 28 U.S.C. § 1332, since Pawtucket was a Rhode Island resident corporation. See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 21 (1st Cir. 2008) ("Incomplete diversity destroys original jurisdiction with respect to all claims . . . ." (quoting Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 554 (2005)). As mentioned before, instead of ruling on the motion, the district court ordered the motion document itself to be returned to Pawtucket on the ground that "[t]his case is stayed pursuant to the Case Management order," described in In re Mortgage Foreclosure. Pawtucket then brought this appeal,

objecting to the stay as being an injunction issued in denial of its due process right to notice and hearing, and challenging the court's refusal even to docket the motion to dismiss for lack of the complete diversity of parties required for subject-matter jurisdiction.

Although Macera claims that this court lacks appellate jurisdiction, the answer is set out in In re Mortgage Foreclosure: the "stay" from which Pawtucket appeals is an injunction subject to interlocutory appellate jurisdiction under 28 U.S.C. § 1292(a)(1), and Pawtucket is an enjoined party entitled to be heard promptly on its objection, in belated compliance with Fed. R. Civ. P. 65(a)(1), regardless of any due process consideration. As explained in In re Mortgage Foreclosure, it is unnecessary to go beyond saying that Pawtucket's particular objection to jurisdiction, like the global claims described in that companion case, will require adjudication, at the latest, in determining Macera's likelihood of success on the merits necessary to support any continued injunction.

Ultimately, of course, a claim of incomplete diversity goes to jurisdiction at any federal level, and in theory we would be free to examine the issue now under a court's authority and obligation to review its subject-matter jurisdiction even *sua sponte*, if a question about it shows up. See, e.g., Gonzalez v. Thaler, 132 S.Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua*

-4-

*sponte* issues that the parties have disclaimed or have not presented."). We think it better, however, to remit the issue to the district court.

This is not to deny that some of the arguments presented to us could readily be addressed here. Macera responds to the incomplete diversity claim, for example, by saying that Pawtucket "by voluntarily submitting a motion to intervene self-subjected themselves [sic] to the jurisdiction and power of the Federal District Court." Appellee's Br. 8. The argument is oblivious of the distinction between personal and subject-matter jurisdiction, the former being susceptible to voluntary submission, the latter being beyond the parties' power to stipulate or confer by waiver of objection if asleep. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702-704 (1982) (comparing the two doctrines and explaining that objections to personal jurisdiction, unlike objections to subject-matter jurisdiction, may be waived). And, as noted, a court is not free to wink at a subject-matter defect.

But not all issues may be so obviously resolved. Because we sit as a court of review without benefit in this instance of any trial court findings or formal stipulation of the parties, we think it prudent to leave the challenges to subject-matter jurisdiction and ultimate legitimacy of the injunction to the district court, which will be in a position to make any fact determination that may

-5-

turn out to be necessary.  Pawtucket's request for a hearing on the injunction will be expeditiously addressed there in accordance with the In re Mortgage Foreclosure remand, and its motion to dismiss for want of subject-matter jurisdiction will be taken up, if need be, after the court has ruled on the jurisdictional standing issues described in our opinion in that case.  The parties will bear their own respective costs.

*It is so ordered.*